IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JASON HENRY, and others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 11-01376-BREEN |
| | ) | |
| DISH NETWORK, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant DISH Network, LLC. ("DISH"), by and through its undersigned counsel, moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Plaintiff also fails to sufficiently plead elements of his contract, unjust enrichment or quantum meruit claims, and he utterly fails to plead sufficient facts to support this Court's exercise of supplemental jurisdiction over his Tennessee Wage Regulation Act claim. For all of these reasons, Plaintiff's Complaint should be dismissed.

## INTRODUCTION

This case appears to be a case about a non-exempt employee who worked for DISH in Tennessee from about December 10, 2008 until November 3, 2011. Complaint ¶ 8. Plaintiff vaguely asserts he worked in excess of forty (40) hours per week on a regular basis and that other similarly situated hourly employees also performed work in excess of forty (40) hours on a regular basis. Complaint ¶¶ 9&10. Plaintiff claims that DISH worked him and others similarly situated to him "off the clock" and also failed to pay them for all overtime hours worked. Complaint ¶¶ 13&14. Accordingly, Plaintiff asserts claims arising under the FLSA, as well as

state law claims for breach of contract, unjust enrichment, quantum meruit and violation of the Tennessee Wage Regulation Act claim.  DISH now moves to dismiss the Complaint on three grounds: 1) Plaintiff, individually, and on behalf of others similarly situated to him, has failed to state a plausible claim arising under the FLSA on the face of the Complaint; 2) Plaintiff, individually, and on behalf of others similarly situated to him, has failed to allege the existence of an enforceable contract or basis for recovery under a theory of quantum meruit/unjust enrichment; and 3) Plaintiff does not plead sufficient facts to show that supplemental jurisdiction is proper.

## ARGUMENT

**1.      Plaintiff Has Failed to Plead Sufficient Facts to State a Plausible Claim**

Plaintiff's Complaint contains legal conclusions and vague generalizations that cannot, as a matter of law, support a plausible claim for relief.  Moreover, there are no facts to show that Plaintiff is similarly situated to anyone.

### A.      Plaintiff has failed to meet the legal standard governing a motion to dismiss as set forth in *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,'…it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly,* 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal,* 129 S.Ct. at 1950 (citing *Twombly,* 550 U.S. at 556).  To meet this "plausibility standard,"

a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal,* 129 S.Ct. at 1949).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 129 S.Ct. at 1950; *see also Sinaltrainal,* 578 F.3d at 1260 ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").

**B.     Plaintiff has failed to state a plausible claim on the face of his complaint.**

The Complaint in this case is a classic example of "the defendant-unlawfully-harmed-me accusation" which is insufficient for purposes of surviving a motion to dismiss under the *Iqbal-Twombly* paradigm. Here, Plaintiff "generally" asserts the following:

> 9.   During Plaintiff's employment, he performed work in excess of forty (40) hours per week on a regular and repeated basis.
>
> 13.  Plaintiff was regularly and repeated worked "off the clock," thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation for all hours worked over[t] forty (40). Specifically, suffered and permitted Plaintiff to work pre-shift, post-shift, and during uncompensated automatically deducted meal breaks without proper compensation.

> 14. Likewise, other similarly situated employees were regularly and repeatedly worked "off the clock" in excess of forty (40) hours per workweek.

Complaint at ¶¶ 9, 13 & 14. These allegations asserted on behalf of Plaintiff and others similarly situated to him, fail to clearly set forth: (a) what position Plaintiff held; (b) what position "others similarly situated" to him held; (c) what facility Plaintiff worked at and whether "others similarly situated" to him worked at the same facility; (d) the specific illegal policy, practice or procedure with which plaintiff takes issue; (e) how that policy, practice or procedure gave rise to unpaid overtime hours worked for plaintiff; (f) whether, and if so, when and why plaintiff was not properly credited for pre-shift, post-shift and meal time; (g) how often plaintiff worked through a meal break (e.g., once, twice a week, monthly, yearly, etc.) and why he worked through a meal break (e.g., started early, as per specific supervisor/manager, because he was busy, to leave work early, a personal preference, etc.); (h) how often plaintiff performed unpaid work "off the clock"; (i) whether or not the failure and/or refusal to provide compensation for this time was unique to any one individual or groups of individuals; and (j) whether or not the failure and/or refusal to provide compensation for plaintiff (and for each of the purported sets of activities), was the result of the same one transaction or occurrence.

Plaintiff's allegations also fail to set forth sufficient facts plausibly showing that DISH was aware of, knew or should have known, that Plaintiff was improperly paid, in each instance, and for all hours worked. Plaintiff's Complaint does not detail the considerations necessary to establish that Defendants' actions "were intentional and willful." *See* Complaint at ¶ 15. This utter lack of detail is a fatal bar to Plaintiff's Complaint. *See Iqbal, Twombly, supra*.

The face of the Complaint contains nothing more than a series of vague collective allegations. There are no specific factual averments <u>whatsoever</u> to support the contention that

Plaintiff has a plausible claim under the FLSA. Plaintiff's allegations are "general" and devoid of any factual content from which this Court could draw the reasonable inference that DISH is liable to Plaintiff -- or any "others similarly situated" -- for alleged misconduct under the FLSA. Accordingly, the Complaint must be dismissed.

2. **Plaintiff Has Failed to Allege the Existence of an Enforceable Contract or Basis for Recovery Under a Theory of Quantum Meruit/Unjust Enrichment**

   A. **Plaintiff's breach of contract claim is insufficient.**

To prevail on a claim for breach of contract under Tennessee law, Plaintiff must prove: (i) the existence of an enforceable contract; (ii) nonperformance amounting to a breach; and (iii) damages resulting from the breach. *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). In turn, to plead an enforceable contract, Plaintiff must allege a meeting of the minds, mutual assent to the contractual terms, consideration, and that the contractual terms were sufficiently definite. *Homebuilders McGee & Story, LLC v. Buckner*, No. M2005-02643-COA-R3-CV, 2007 WL 969395, *3 (Tenn. Ct. App. Mar. 30, 2007). "The contemplated mutual assent and meeting of the minds cannot be accomplished by the unilateral action of one party, nor can it be accomplished by an ambiguous course of dealing between the two parties from which difference inferences…might reasonably be drawn." *Peoples Bank of Elk Valley v. ConAgra Poultry Co.*, 832 S.W.2d 550, 553 (Tenn. Ct. App. 1991) (quoting *Batson v. Pleasant View Utility Dist.*, 592 S.W.2d 578, 582 (Tenn. App. 1979)).

Here, Plaintiff fails to allege the existence of an enforceable contract. The Complaint makes one and only one reference to a contract on page four (4), where it states: "Plaintiffs, on behalf of themselves and others similarly situated, bring the following cause of action against Defendant: … (B.) Unjust enrichment/quantum meruit/breach of contract; and…". Complaint at ¶ 18. The Complaint does not, however, state: (a) whether Plaintiff (or any potential plaintiff)

-5-

entered into the same or separate employment agreements; (b) whether such agreements were written or oral; (c) when such agreements were entered into; (d) the terms of such agreements, e.g. hours of work, worked to be performed, and rates of pay; (e) whether there was mutual assent of the parties to these terms; (f) whether Plaintiff (or any potential plaintiff) performed all conditions precedent to compensation; and (g) whether Defendant knew or should have known that its obligations to perform under the purported contracts were due, and yet it failed to perform thereby committing a material breach.  Thus, the contract claim should be dismissed because Plaintiff failed to make either "direct or inferential allegations with respect to all the material elements of the claim."  *Wittstock v. Mark A. VanSile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003); *see also Taylor v. Standard Ins. Co.*, No. 08-2585, 2009 WL 113457, *3 (W.D. Tenn. Jan. 13, 2009) (dismissing claim for breach of contract insurance policy where plaintiff had failed to identify the particular insurance policy at issue or the terms of the policy and had failed to attach a copy o the policy).

    **B.**  **Plaintiff's claim for quantum meruit/unjust enrichment is insufficient.**

    Quantum meruit or unjust enrichment are separate and distinguishable causes of action from breach of contract.[1]  *See Castelli v. Lien*, 910 S.W.2d 420, 427 (Tenn. App. 1995) (quantum meruit actions are equitable substitutes for contract claims).  Unlike a contract claim where there are express payment and price terms, quantum meruit is based on a legally implied promise to pay.  *Id.*  Accordingly, quantum meruit recoveries are limited to the actual value of the goods or services and are not calculated based on contract price.  *Id.*  (*citing Lawler v. Zapletal*, 679 S.W.d2d 950, 955 (Tenn. Ct. App. 1984); *Warren Bros. Co. v. Metropolitan Gov't of Nashville*

---

[1] As an initial matter, pleading quantum meruit and unjust enrichment as separate claims is duplicative because quantum meruit and unjust enrichment under Tennessee law are simply two different names for the same theory of recovery.  *See Thompson v. American Gen. Life and Accident Ins. Co.*, 404 F. Supp.2d 1023, 1029 (M.D. Tenn. 2005) (observing that unjust enrichment is also known as quantum meruit or implied contract).

*an Davidson County*, 540 S.W.2d 243, 247 (Tenn. Ct. App. 1976); *Cooksey v. Shanks*, 23 Tenn. App. 595, 598, 136 S.W.2d 57, 58-59(1939)). To prevail on a claim for quantum meruit, a plaintiff must plead and prove the following: (1) there is no existing, enforceable contract between the parties covering the same subject matter; (2) the party seeking recovery proves that it provided valuable goods or services; (3) the party to be charged received the goods or services; (4) the circumstances indicate that the parties to the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and (5) the circumstances demonstrate that it would be unjust for a party to retain the goods or services without payment. *Castelli,* 910 S.W.2d at 427; *see also Paschall's, Inc. v. Dozier,* 407 S.W.2d 150, 154 (1966).

Here, Plaintiff utterly fails to identify the following with any reasonable particularity: (a) what "services" were performed; (b) when these "services" were performed; (c) his rate of compensation or the presumed value of services performed; or (d) that Defendant benefited from Plaintiff's performance of "services", as well as how Defendant benefited, and to what extent. Rather, Plaintiff vaguely states:

> 9. During Plaintiff's employment, he performed work in excess of forty (40) hours per week on a regular and repeated basis.
>
> \* \* \*
>
> 13. Plaintiff was regularly and repeatedly worked "off the clock," thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation for all hours worked overt forty (40). Specifically, [Defendant] suffered and permitted Plaintiff to work pre-shift, post-shift, and during uncompensated automatically deducted meal breaks without proper compensation.

Complaint at ¶¶ 9, 13. Plaintiff does not even bother to identify his job title, let alone his job duties and responsibilities, how and when he performed these duties and responsibilities, whether and when he was directed to perform these duties and responsibilities, and which of these

activities -- if any -- were not compensated by Defendant. Plaintiff's allegations, like the FLSA and contract allegations above, do not state sufficient facts to support a plausible claim for recovery under a theory of quantum meruit. Accordingly, the quantum meruit/unjust enrichment claims should be dismissed.

**3.     Plaintiff Does Not Plead Sufficient Facts to Show that Supplemental Jurisdiction is Proper**

Plaintiff states "[t]his case arises under the Fair Labor Standards Act…and Tennessee law." Complaint at ¶ 1. He goes on to state, without so much as citing the appropriate statute or rule, that "[t]he Court has supplemental subject matter jurisdiction over Plaintiff's claims under state law." *Id*. at ¶2. Presumably, Plaintiff maintains that supplemental jurisdiction is authorized as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Plaintiff, however, fails to plead sufficient facts to show that his own state claim, as well as the state claims of potential plaintiffs, "are so related" to Plaintiff's FLSA claim, that this Court's consideration of state claims, or the joinder of additional parties, is proper. In other words, it stands to reason *a fortiori*, that if Plaintiff fails to allege sufficient facts showing that his FLSA claim is plausible, there is no basis for this Court to exercise subject matter jurisdiction over his state claim -- or the state claims of any potential plaintiff.

While it is well-settled that a court may properly assume supplemental jurisdiction over state claims when the state and federal claims derive from a common nucleus of operative fact, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), there are no facts here to plausibly

show that Plaintiff's federal and state claims warrant the exercise of supplemental jurisdiction, e.g. because those claims arise from the same facts and circumstances.  Plaintiff's failure to sufficiently plead his FLSA claim leaves Defendant and this Court in the position to guess whether his state claims are grounded in the same operative facts.  *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1253 (6th Cir. 1996) (stating that while modern pleading rules may be lax, they still require that a party plead a proper claim before the court decides it).

Perhaps even more troubling is that Plaintiff seeks to include in this action, a class of potential plaintiffs without any independent basis to assert a claim within the subject matter jurisdiction of this Court.  Plaintiff states, "[i]n addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper compensation for at least six (6) years prior to the filing of his complaint."  Complaint at ¶ 16.  As this Court is well aware, the FLSA provides for a two-year statute of limitations on claims for unpaid minimum wages, overtime compensation and liquidated damages and a three-year limitations period for willful violations.  29 U.S.C. § 255(a).  The complaint in this action was filed on December 9, 2011.  Thus, it is undisputed that potential plaintiffs whose employment ended at least as late as December 9, 2008 do not have cognizable FLSA claims, e.g. they are time-barred.[2]  Before this Court can even decide if it should exercise supplemental jurisdiction over those potential plaintiffs who assert state claims

---

[2] The statute of limitations continues to run on potential plaintiffs in an opt-in collective action until their consents are filed with the Court.  Thus, December 9, 2008 is not a static date.  Rather, it continues to move forward thereby creating an ever-increasing class of potential plaintiffs without any cause of action arising under federal law.  29 U.S.C. §256(b) (for each opt-in who joins, the statute of limitations is tolled on the date that he or she files their consent); *see also Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002) (same); *see also* Baden-Winterwood v. Life Time Fitness, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007) (congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled by the filing of an opt-in consent).

only, it stands to reason that Plaintiff must plead sufficient facts to show that both federal and state claims derive from a common nucleus of operative fact.  *See Gibbs, supra*.  Plaintiff's threadbare Complaint leaves this Court without the ability to do so.  Accordingly, the Complaint should be dismissed.

Dated:  February 3, 2012	Respectfully submitted,

/s/ Christian C. Antkowiak
Lisa M. Passarello
PA Id. No. 64823
lisa.passarello@bipc.com
Christian C. Antkowiak
PA Id. No. 209231
christian.antkowiak@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
20th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219-1410
Phone:  412-562-8800
Fax:  412-562-1041

-10-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Brief in Support of Motion to Dismiss was served electronically by operation of the Court's electronic filing system to:

> Michael L. Russell, Esq.
> Gilbert Russell McWherter PLC
> 1616 Westgate Circle, Suite 228
> Brentwood, TN  37027

February 3, 2012                                /s/ Christian C. Antkowiak
                                                Christian C. Antkowiak