IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**JASON HENRY and**
**others similarly situated,**

      **Plaintiffs,**

v.                                          No.: 1:11-cv-1376

**DISH NETWORK, L.L.C.**               **JURY DEMANDED**
                                                            **FLSA COLLECTIVE ACTION**
      **Defendant.**

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS COMPLAINT**

---

COMES NOW the Plaintiff, Jason Henry, an individual on behalf of himself and others similarly situated, and submits this Response in opposition to the Rule 12 (b)(6) Motion to Dismiss filed by Defendant Dish Network, L.L.C.:

**I.**     **STATEMENT OF THE CASE**

This is a collective action in which Plaintiff has moved for authorization to proceed as an opt-in collective action for overtime violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b) and unjust enrichment/quantum meruit/breach of contract under Tennessee law, on behalf of numerous employees of Defendant who were denied proper compensation. The Defendant is Dish Network, L.L.C. (hereinafter "Defendant"). Defendant provides satellite television services throughout the United States and in the West Tennessee region. The putative class in this case is all hourly employees of Defendant who worked at Defendant's Jackson, Tennessee location at 1085 Highway 45 Bypass, Suite 11, Jackson Tennessee, 38305 (hereafter the "Jackson Branch") and who were denied straight time and overtime compensation because

they were worked "off the clock."  The representative plaintiff worked for Defendant as an hourly non-exempt employee.  As a matter of policy and practice, Defendant regularly required Plaintiff to work "off the clock" both pre- and post-shift, as well as during unpaid "meal breaks."

It is extremely common for hourly employees to perform compensable work for Defendant both pre- and post-shift, as well as during their uncompensated "meal breaks."  Yet Defendant does nothing in practice to prohibit employees from working "off the clock" and during their "meal breaks" and routinely suffers or permits employees to perform such work.  In fact, although Defendant requires employees to work pre- and post-shift and automatically deducts 30 minute meal periods, it expects employees to be available to work both pre- and post-shift and throughout their meal breaks.  Not only is failure to pay the putative class members compensation for "off the clock" work and these lunch breaks illegal under the FLSA, but Defendant is liable even to those individuals who did not work a forty (40) hour week, and thus are not protected under the FLSA, under the theories of unjust enrichment and breach of contract.  As a result, Plaintiff filed this lawsuit on behalf of himself and others similarly situated.

Defendant has filed a Motion to Dismiss Plaintiff's Original Complaint, arguing that Plaintiff failed to state a claim under the FLSA, failed to sufficiently plead elements of his contract, unjust enrichment or quantum meruit claims, and failed to plead sufficient facts to support this Court's exercise of supplemental jurisdiction over Plaintiff's Tennessee Wage Regulation Act claim.  Plaintiff has filed an Amended Complaint which is not addressed by Defendant's Motion to Dismiss.  Thus, Defendant's Motion to Dismiss is moot.  Further, Defendant's Motion is devoid of merit and should be DENIED.

## II.    LAW & ARGUMENT

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Pleadings must be construed so as to do justice." *Fed. R. Civ. P. 8(e) (2010)*.  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  For a motion to dismiss under Rule 12(b)(6), "the complaint . . . does not need detailed factual allegations." *Id.*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "On a motion to dismiss, the complaint's well-pled factual allegations are treated as true and the Court construes such allegations in the light most favorable to the plaintiff, with all reasonable inferences in the plaintiff's favor." *Abadeer v. Tyson Foods, Inc.*, 2009 U.S. Dist. LEXIS 59488, at **12–13 (M.D. Tenn. July 10, 2009)(citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  "When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1970).

### B. Although Plaintiff's Complaint Properly Pleads Claims Under the FLSA, Breach of Contract/Unjust Enrichment/Quantum Meruit, and Pleads Sufficient Facts to Support this Court's Exercise of Supplemental Jurisdiction Over Plaintiff's State Law Claims Against Defendant, Plaintiff's First Amended Complaint Makes Defendant's Argument Moot.

Although Plaintiff has properly plead a claim under the FLSA, sufficiently plead elements of his contract, unjust enrichment or quantum meruit claims, and plead sufficient facts to support this Court's exercise of supplemental jurisdiction over Plaintiff's state law claims

3

against Defendant in accordance with the standards for pleading under Federal Rule of Civil Procedure 8(a)(2) and as explained by the Supreme Court in *Twombly* and *Iqbal*, nevertheless, out of an extreme abundance of caution, Plaintiff has filed a First Amended Complaint which addresses Defendant's assertions and therefore, makes Defendant's arguments concerning the sufficiency of the pleadings moot. *See First Amended Complaint* attached hereto as **Exhibit A.**[1]

### C. Plaintiff's FLSA Claims are Sufficiently Pled.

Plaintiff's FLSA claims are well-plead and are not subject to dismissal under the *Twombly/Iqbal* standard of pleading. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's factual pleadings *far* exceed the requirements of *Twombly* and *Iqbal*. Plaintiff has pled the exact factual circumstances (i.e., implementation of an auto-deduct meal break policy without proper levels of staffing thus requiring and expecting employees to work through their unpaid meal breaks and requiring employees to work both pre- and post-shift without compensation) which have harmed Plaintiff, as well as others similarly situated. (*See* Plaintiff's First Amended Complaint, ¶¶ 7–48). Furthermore, these factual allegations "actually show the pleader is entitled to relief," and raise "more than a mere possibility of misconduct," because by requiring employees to work both pre- and post-shift without compensation and automatically deducting meal breaks from its employees and "requiring" and "expecting" them to work through these uncompensated meal breaks without training or explaining that they should be receiving compensation, Defendant's have violated the FLSA. *See Iqbal*, 129 S. Ct. at 149–50; 29 U.S.C. § 216(b).

---

[1] "Rule 15(a) to allow a plaintiff to file an amended complaint without leave of court when the defendant has not filed a responsive pleading. A motion to dismiss is not considered a responsive pleading under Rule 15(a). Therefore, to the extent that the Defendant[] ha[s] not responded to the Complaint, [Plaintiff is] free to file an amended complaint without leave of court." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 574 (6th Cir. 2008).

4

In *Noble v. Serco, Inc.*, the court ruled that a plaintiff may state a claim to relief under the FLSA by alleging facts sufficient to prove (1) the existence of an employer-employee relationship, (2) the employee's acts which are protected by the FLSA, and (3) the employer's failure to pay the employee overtime for those acts. 2009 WL 1811550, at *2 (E.D. Ky. June 25, 2009) quoting *Kowlaski v. Kowlaski Heat Treating Co.*, 920 F.Supp. 799, 803 (N.D. Ohio 1996). *Noble* rejected the defendant's argument that a complaint must be dismissed where it failed to include factual allegation that the plaintiff worked in excess of forty hours per week and was not paid overtime wages. *Id.* at 3. The court stated:

> [I]t is not surprising that such facts are not provided in the Complaint. The employer, not the employee, bears the burden of maintaining records of how many hours an employee works each week and the employee's pay rate. Discovery and analysis of these records is generally necessary for a plaintiff to satisfy his burden. Thus, whether Noble can actually establish that he worked in excess of forty hours during particular weeks without receiving the required overtime compensation may become an issue for summary judgment after Serco's employment records have been produced in discovery. Accepting as true the factual allegations in the Complaint, Noble has sufficiently alleged a plausible overtime compensation claim.

*Id.* (internal citations omitted).

Similarly, in *Monroe v. FTS USA, LLC*, a court in this district held that plaintiffs had properly pleaded a FLSA overtime claim simply by alleging that (1) the defendants were employers as defined by the statute, (2) they and other similarly situated employees regularly worked overtime without compensation, and (3) defendants knew that plaintiffs worked overtime. 2008 WL 2694894, at *3 (W.D. Tenn. July 9, 2008). The court found that these allegation were sufficient to put the defendants on notice of the grounds upon which plaintiffs claimed a FLSA violation. *Id.* In doing so, it also rejected defendant's arguments that plaintiffs' complaint was insufficient because it did not allege what work

5

plaintiffs performed, failed to detail the weeks during which they worked overtime, and did not specify the number of hours they were not paid overtime compensation. *Id.*

However, in this case, Plaintiff's Amended Complaint is pled with great specificity. The Amended Complaint is supported by **numerous paragraphs** which **specifically identify** the reasons supporting Plaintiff's claim that Defendant violated the FLSA, i.e.:

> Plaintiff worked as an installer, spending his time installing satellite dishes at the homes of Defendant's customers; while working as an installer, Plaintiff was regularly required to work "off the clock" both pre- and post-shift, as well as during unpaid "meal breaks"; Defendant required Plaintiff to load tools and equipment in his truck and have his truck inspected pre-shift; Defendant required Plaintiff to restock his truck with materials provided by warehouse personnel post-shift; under Defendant's "Meal Break Deduction Policy," Defendant's computerized time and attendance system automatically deducts a 30 minute meal period per work shift; Defendant does not ensure that Plaintiff and the class members are completely relieved of their work duties during their uncompensated "meal breaks"; Plaintiff and class members are routinely not completely relieved of their job duties during their uncompensated "meal breaks"; Defendant does not prohibit Plaintiff and class members from working during their "meal breaks" and routinely suffers or permits Plaintiff and class members to perform such work; Defendant routinely fails to ensure that unauthorized work is not being performed during employee "meal breaks"; although Defendant automatically deducts 30 minute meal periods, Defendant expects Plaintiff and class members to be available to work throughout their shifts and consistently requires its employees to work during unpaid "meal breaks"; Even though Defendant knows that Plaintiff and class members are working during "meal breaks," Defendant fails to compensate Plaintiff and class members for their work, electing instead to sit back and accept the benefits of Plaintiff and class members' uncompensated work.

(Plaintiff's Amended Complaint, ¶¶ 8–44).

Finally, Defendant attempts to argue that Plaintiff cannot state a claim under the FLSA because information relating to Plaintiff's pay level and hours worked are in Defendant's possession and are not stated in his Complaint. However, this information is in the control of Defendant, as it is Defendant who is required to keep detailed records of all non-exempt employees. 29 C.F.R. 516.2. These records must include when the employee's workweek begins under the FLSA. 29 C.F.R. 516.2(5). The records must also include "hours worked each

6

workday and total hours worked each workweek." 29 C.F.R. 516.2(7). Additionally, these records must be maintained for at least three years. 29 C.F.R. 516.5(a).

Accordingly, Plaintiff's FLSA claims are well-plead and are not subject to dismissal under the Twombly/Iqbal standard of pleading. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### D. Plaintiff's State Law Claims Satisfy the *Twombly/Iqbal* Pleading Requirements under Federal Rule of Civil Procedure 8(a)(2).

Plaintiff's detailed First Amended Complaint more than satisfies the requirements of *Twombly* and *Iqbal*. As Defendant pointed out in its brief, to prevail on a claim for breach of contract under Tennessee law, Plaintiff must prove: (i) the existence of an enforceable contract; (ii) nonperformance amounting to a breach; and (iii) damages resulting from the breach. *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.,* 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Further, as noted by Defendant, an enforceable contract requires a meeting of the minds, mutual assent to the contractual terms, consideration, and the contractual terms were sufficiently definite. *Homebuilders McGee & Story, LLC v. Buckner,* 2007 WL 969395, *3 (Tenn. Ct. App. Mar. 30, 2007).

Plaintiff's First Amended Complaint pleads the following specific facts which clearly state a claim for breach of contract:

> Defendant hired Plaintiff and other similarly situated employees and agreed to pay them a set hourly rate for all hours worked; Plaintiff and other similarly situated employees accepted this offer and performed work based on Defendant's contractual agreement to pay said hourly rate per hour of work performed; As such, Plaintiff and other similarly situated employees had a valid and binding contract supported by valid consideration with Defendant to be paid a set hourly rate for each hour worked; Plaintiff and other similarly situated employees were not paid the agreed upon hourly rate for all hours worked because they worked "off the clock" pre-shift, post-shift, and during uncompensated meal breaks.

(Plaintiff's Amended Complaint, ¶¶ 32-35).

Further, in order to succeed on an unjust enrichment/quantum meruit claim, Plaintiff must prove the following elements: 1) "[a] benefit conferred upon the defendant by the plaintiff"; 2) "appreciation by the defendant of such benefit"; and 3) "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Freeman Indus. LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005). Defendant alleges that Plaintiff has failed to identify with any reasonable particularity: (a) what "services" were performed; (b) when these "services" were performed; (c) his rate of compensation or the presumed value of services performed; or (d) that Defendant benefited from Plaintiff's performance of "services," as well as how Defendant benefitted, and to what extent. (Defendant's Brief in Support of Motion to Dismiss, D.E. 13, p. 7.)

Plaintiff's First Amended Complaint pleads the following specific facts which clearly state a claim for unjust enrichment/quantum meruit:

> Plaintiff and all similarly situated employees who worked "off the clock" and during their "meal breaks" without compensation due to Defendant's automatic thirty (30) minute meal period deduction, but who worked less than forty (40) hours in one week, conferred a benefit upon Defendant by working on its behalf without being provided compensation; Because the FLSA overtime requirements only cover those employees who work more than forty (40) hours per week, Plaintiff and all similarly situated employees who worked "off the clock" and during their uncompensated "meal breaks," but who worked less than forty (40) hours those weeks, have no adequate remedy under the FLSA; Defendant had an appreciation or knowledge of the benefit conferred upon it by Plaintiff and all similarly situated employees; Defendant accepted and retained the benefit under such circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value; Defendant has therefore been unjustly enriched as a result of its accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class' labor without proper compensation; As a result, Plaintiff and all others similarly situated are entitled to the value of their services provided "off the clock" and during the uncompensated meal breaks where they performed compensable work for weeks in which Plaintiff and all other similarly situated did not work forty (40) hours per week within the six years preceding the filing of this Complaint.

(Plaintiff's Amended Complaint, ¶¶ 42-47).

Further, the value of the compensation – which is dependent on the size of the class and rates of pay -- is information in the hands of the Defendant that must be unearthed during discovery. After discovery, the "value" of the enrichment must be part of the proof at trial in order to recover a monetary judgment.[2] *See e.g.*, *John J. Heirigs Constr. Co. v. Exide*, 709 S.W.2d 604, 607 (Tenn. Ct. App. 1986) ("If plaintiff is to *recover* on the theories of quantum meruit and unjust enrichment it must carry the burden of *proving* the value of the work performed.") (emphasis added). Nevertheless, even assuming, *arguendo*, that Defendant's argument is correct, Paragraph 36 of Plaintiff's Complaint explains that the value and amount of the uncompensated services provided to Defendant by Plaintiff and each putative class member is in the possession of the Defendant and that information will be sought from Defendant through "appropriate and focused discovery proceedings." (First Amended Complaint, ¶ 36). In light of the discussion above, Plaintiff would aver that this is not information that must be pleaded in order to sustain a cause of action for unjust enrichment.

Finally, Plaintiff's Amended Complaint adequately alleges that the enrichment to the Defendant was "unjust." Plaintiff's Amended Complaint lays out the facts surrounding the unjust enrichment and the explanation for the under-recording of hours worked by stating that

---

[2]  The United States District Court for the Western District of Arkansas recently encountered a motion to dismiss plaintiff's unjust enrichment claims. *Fairless v. CJH, LLC*, 2010 U.S. Dist. LEXIS 55398 (W.D. Ark. May 27, 2010). In that case, John Fairless, Jr. ("Fairless") filed suit alleging unjust enrichment against CJH, LLC ("CJH"), Union Pacific Railroad Company ("UPRC"), and Burlington Northern Santa Fe Corporation ("BNSF"), seeking compensation for railroad maintenance services he provided. *Id.* at *1.

The court explained that "in order to succeed with an unjust enrichment claim, Fairless must show that the defendants were "unjustly" enriched-that they retained a benefit under circumstances such that retention without payment would be inequitable." *Id.* at *13–14. As a result, the court found that Fairless had failed to show how Defendants UPRC and BNSF had been "unjustly enriched" because the allegations state that they were each billed by CJH for his work and that they paid CJH for his services. *Id.* at *16–17. The unjust enrichment claims against CJH, however, proceeded. *Id.* at *17. Notably, in its discussion on the sufficiency of the allegations which were plead against the defendants, the court did not find that the "value" of the work for which Fairless sought restitution must be plead in order to state a claim for unjust enrichment against CJH.

working pre- and post-shift without compensation and working through these deducted meal breaks is "required" and "expected" in order to perform the tasks assigned to him by Defendant, despite his complaints about such policies. (First Amended Complaint, ¶¶ 19-31). However, because Defendant "required" and "expected" Plaintiff to work pre- and post-shift without compensation and work through his uncompensated meal breaks, Defendant received the value of the services performed by Plaintiff without compensating him for the same. As a result, Defendant was "unjustly" enriched by its nonpayment to Plaintiff for the services it "required" and "expected" him to perform. *See Jackson v. Wal-Mart Stores, Inc.*, 2005 Mich. App. LEXIS 2975, at \*\*34–35 (Mich. Ct. App. Nov. 29, 2005).[3]

### E. Plaintiff's Complaint Pleads Sufficient Facts to show that Supplemental Jurisdiction Should be Exercised in this Case.

Defendant argues that because Plaintiff failed to allege sufficient facts showing that his FLSA claim is plausible, there is no basis for this Court to exercise subject matter jurisdiction over his state claim – or the state claims of any potential plaintiff. (Defendant's Brief in Support of Motion to Dismiss, D.E. 13, p. 8). As stated above in sections II.B and II.C of this

---

[3] In *Jackson*, the defendant attempted to make a similar argument to the appellate court with respect to plaintiffs' unjust enrichment claim. *Jackson v. Wal-Mart Stores,* 2005 Mich. App. LEXIS 2975, \*\*33–34 (Mich. Ct. App. Nov. 29, 2005). The appellate court however, found that plaintiffs' award was equitable under the circumstances even if they knew of the procedures set forth to prevent the uncompensated time, reasoning:

> . . .Wal-Mart cites its provision of a procedure for employees to request that their time be adjusted to reflect work performed but not otherwise recorded, of which Jackson acknowledged he was aware but failed to use to inform Wal-Mart of the missed or shortened breaks and off-the-clock work at issue in this case. Wal-Mart asserts that, in the face of such evidence, any conclusion that it would be unjust or otherwise inequitable for it to retain the benefits it may have received as a result of Jackson's claimed uncompensated work is clearly in error. Wal-Mart's argument in this regard, however, ignores the basic premise of the inequity claimed in this suit and supported by the testimony of organizational behavior expert William Cooke, i.e., that the business strategy employed by Wal-Mart, in conjunction with the **corporate culture expressly fostered by the company, resulted in a work environment wherein employees were compelled to perform work off the clock and to forgo rest and meal breaks.** Indeed, Cooke testified that Wal-Mart employees would do so without "a second thought," because it was simply a part of the culture in which they worked. Given this premise and the testimony in support thereof, **we do not find the trial court's award inequitable under the circumstances of this case, despite the knowing existence of procedures purportedly set in place to prevent such inequity**.

*Id.* (emphasis added).

memorandum, Plaintiff has sufficiently pled his FLSA claim. Thus, there is a sufficient basis for this Court to exercise subject matter jurisdiction over Plaintiffs' state law claims. This Court may properly assume supplemental jurisdiction over Plaintiffs' state law claims as the state and federal claims derive from a common nucleus of operative fact, which Plaintiff has sufficiently plead. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Finally, Defendant takes issue with the fact that Plaintiff seeks to include a class of plaintiffs that have been denied proper compensation for at least six (6) years prior to the filing of his complaint. Plaintiff maintains that the statute of limitations for Plaintiff's state law claims is six years. *Miller v. Jackson, Tennessee Hosp. Co.*, 2011 U.S. Dist. LEXIS 29011 (M.D. Tenn. March 21, 2011) (conditionally certifying both state law and FLSA claims for a six year period); *Parr v. Hico Concrete, Inc.*, No. 3:10-1091(M.D. Tenn. August 1, 2011)(report and recommendation granting class notice for a six year period based on Plaintiffs' supplemental state law claims). However, Plaintiff concedes that this Court has disagreed with this position, and Plaintiff anticipates pursuing conditional certification for only a three year period. However, Plaintiff has pled a six year period in the Complaint to preserve that issue in the event the law further develops as the case progresses.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's FLSA claims and state law claims should not be dismissed as a matter of law and this Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

Respectfully submitted,

GILBERT RUSSELL McWHERTER PLC


s/Michael L. Russell
MICHAEL L. RUSSELL (20268)
1616 Westgate Circle, Suite 228
Brentwood, Tennessee 37026
615-467-6372
mrussell@gilbertfirm.com

CLINTON H. SCOTT (23008)
Gilbert Russell McWherter PLC
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
cscott@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's electronic filing system, to all counsel of record on this the 21st day of February, 2012:

/s/ Michael L. Russell