IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JASON HENRY and others similarly situated, | |
| Plaintiffs, | |
| v. | No.: 1:11-cv-1376 |
| DISH NETWORK, L.L.C. | JURY DEMANDED<br>FLSA COLLECTIVE ACTION |
| Defendant. | |

### FIRST AMENDED COMPLAINT

PLAINTIFF, Jason Henry, on behalf of himself and others similarly situated, files the following First Amended Complaint, averring as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. and Tennessee law

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims that they form part of the same case or controversy. The Court has personal jurisdiction over the Plaintiff, who is a resident of Madison County, Tennessee and the Defendant, who does business in the State of Tennessee.

3. Venue also lies in this Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged

events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Dish Network, L.L.C. (hereinafter "Defendant"). During his employment with Defendant, Plaintiff was a covered employee under the FLSA.

5. The Defendant is a business engaged in commercial enterprise. Defendant's principal place of business is located at 9601 South Meridan Boulevard, Englewood, Colorado, 80112. Defendant is a covered employer under the FLSA.

6. In addition to the named Plaintiff, Defendant employs and has employed within the last three years additional similarly situated employees.

## II. INTRODUCTION

7. Plaintiff brings this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendant who worked at Defendant's Jackson, Tennessee location at 1085 Highway 45 Bypass, Suite 11, Jackson Tennessee, 38305 (hereafter the "Jackson Branch") and who were denied straight time and overtime compensation because they were worked "off the clock." The collective action claims are for straight time compensation, overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III. FACTUAL BASIS FOR SUIT

8. Defendant employed Plaintiff at the Jackson Branch from on or about December 10, 2008 until on or about November 3, 2011. Plaintiff worked as an installer, spending his time installing satellite dishes at the homes of Defendant's customers. Plaintiff's hourly rate of pay throughout his employment with Defendant is in Defendant's payroll records, which are in Defendant's possession. While working as an installer, Plaintiff was regularly required to work "off the clock" both pre- and post-shift, as well as during unpaid "meal breaks." Plaintiff consents to be

a party to this collective action pursuant to 29 C.F.R. § 216(b).

9.	Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendant are, and were, centrally and collectively dictated, controlled, and ratified.

10.	At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

11.	The FLSA regulates, among other things, the payment of overtime by employers who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

12.	At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a). At all relevant times, Defendant employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

13.	At all relevant times, Defendant was an "employer" under the Fair Labor Standards Act.

14.	Plaintiff and class members were employees of Defendant at the Jackson Branch within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's overtime wage requirements.

15.	During Plaintiff's employment, he performed work in excess of forty (40) hours per week on a regular and repeated basis.

16.	In addition to Plaintiff, other similarly situated hourly employees of Defendant performed work in excess of forty (40) hours on a regular and repeated basis.

17.	FLSA non-exempt employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

18.     Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

19.     Plaintiff was regularly and repeatedly worked "off the clock," thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation for all hours worked overt forty (40). Specifically, Defendant suffered and permitted Plaintiff to work pre-shift, post-shift, and during uncompensated automatically deducted meal breaks without proper compensation.

20.     Defendant required Plaintiff to load tools and equipment in his truck and have his truck inspected pre-shift.

21.     Defendant required Plaintiff to restock his truck with materials provided by warehouse personnel post-shift.

22.     Likewise, other similarly situated employees were regularly and repeatedly worked "off the clock" in excess of forty (40) hours per workweek.

23.     Defendant's intentional failure to pay Plaintiffs and other similarly situated employees overtime wages are willful violations of the FLSA.

24.     Under Defendant's "Meal Break Deduction Policy," Defendant's computerized time and attendance system automatically deducts a 30 minute meal period per work shift.

25.     Plaintiff and class members often perform compensable work for Defendant during their uncompensated "meal breaks."

26.     Defendant does not ensure that Plaintiff and the class members are completely relieved of their work duties during their uncompensated "meal breaks."

27.     Plaintiff and class members are routinely not completely relieved of their job duties during their uncompensated "meal breaks."

28. Defendant does not prohibit Plaintiff and class members from working during their "meal breaks" and routinely suffers or permits Plaintiff and class members to perform such work.

29. Defendant routinely fails to ensure that unauthorized work is not being performed during employee "meal breaks."

30. In fact, although Defendant automatically deducts 30 minute meal periods, Defendant expects Plaintiff and class members to be available to work throughout their shifts and consistently requires its employees to work during unpaid "meal breaks."

31. Even though Defendant knows that Plaintiff and class members are working during "meal breaks," Defendant fails to compensate Plaintiff and class members for their work, electing instead to sit back and accept the benefits of Plaintiff and class members' uncompensated work.

32. Furthermore, Defendant hired Plaintiff and other similarly situated employees and agreed to pay them a set hourly rate for all hours worked.

33. Plaintiff and other similarly situated employees accepted this offer and performed work based on Defendant's contractual agreement to pay said hourly rate per hour of work performed.

34. As such, Plaintiff and other similarly situated employees had a valid and binding contract supported by valid consideration with Defendant to be paid a set hourly rate for each hour worked.

35. Plaintiff and other similarly situated employees were not paid the agreed upon hourly rate for all hours worked because they worked "off the clock" pre-shift, post-shift, and during uncompensated meal breaks.

36. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to the class,

Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

37. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, place a substantial and unnecessary burden on the courts, and/or substantially impair or impede the ability of class members to protect their interests.

38. Plaintiff Henry will fairly and adequately protect the interests of the class, as his interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to their non-exempt employees for all hours worked and failing to pay employees for time worked during uncompensated "meal breaks."

As a consequence of Defendant's employment practices whereby it requires employees to work "off the clock" both pre-shift and post-shift, and automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees even though they performed compensable work during their meal breaks, Plaintiff and class members were denied statutory overtime wages.

39. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint,

plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether their conduct violated the FLSA.

40. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment interest and post-judgment interest, reasonable attorneys' fees, and costs of this action.

42. Additionally, Plaintiff and all similarly situated employees who worked "off the clock" and during their "meal breaks" without compensation due to Defendant's automatic thirty (30) minute meal period deduction, but who worked less than forty (40) hours in one week, conferred a benefit upon Defendant by working on its behalf without being provided compensation.

43. Because the FLSA overtime requirements only cover those employees who work more than forty (40) hours per week, Plaintiff and all similarly situated employees who worked "off the clock" and during their uncompensated "meal breaks," but who worked less than forty (40) hours those weeks, have no adequate remedy under the FLSA.

44. Defendant had an appreciation or knowledge of the benefit conferred upon it by Plaintiff

and all similarly situated employees.

45. Defendant accepted and retained the benefit under such circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

46. Defendant has therefore been unjustly enriched as a result of its accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class' labor without proper compensation.

47. As a result, Plaintiff and all others similarly situated are entitled to the value of their services provided "off the clock" and during the uncompensated meal breaks where they performed compensable work for weeks in which Plaintiff and all other similarly situated did not work forty (40) hours per week within the six years preceding the filing of this Complaint.

48. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) and Tennessee law as to claims for uncompensated straight time, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper compensation for at least six (6) years prior to the filing of this complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## IV.  CAUSES OF ACTION

49. The forgoing facts are incorporated by reference as if fully stated herein, and a jury is hereby demanded.

50. Plaintiffs, on behalf of themselves and others similarly situated, bring the following cause of action against Defendant:

    A. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938;

    B. Unjust enrichment/quantum meruit/breach of contract; and

    C. Violation of the Tennessee Wage Regulation Act

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

51. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former similarly situated installers during the six (6) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit.

52. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and similarly situated persons who opt into this action;

53. A declaratory judgment that Defendant's violations of the FLSA were willful.

54. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial.

55. An award to Plaintiff and others similarly situated for unpaid straight time in an amount to be proven at trial;

56. An award to Plaintiff and others similarly situated who opt into this action of interest and

liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

57.	An award to Plaintiff and others similarly situated who opt into this action of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b); and

58.	An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL McWHERTER PLC

s/Clinton H. Scott
MICHAEL L. RUSSELL (20268)
1616 Westgate Circle, Suite 228
Brentwood, Tennessee  37026
615-467-6372
mrussell@gilbertfirm.com

CLINTON H. SCOTT (23008)
Gilbert Russell McWherter PLC
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
cscott@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's electronic filing system, to all counsel of record on this the 17th day of February, 2012:

/s/ Clinton H. Scott