IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JASON HENRY and
others similarly situated,

       Plaintiffs,

                                      No.: 1:11-cv-1376-BREEN

v.

DISH NETWORK, L.L.C.

       Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007) .......................... 5, 9

*Ali* v. *Sugarland Petroleum*, Case No. 2009 WL 5173508, at *16 (S.D. Tex. Dec. 22, 2009) ................................................................................................................................... 5

*Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 443 (N.D. Ill. 1982).............................................. 3

*Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004).......................................................................... 15

*Arriaga-Zacarias* v. *Lewis Taylor Farms*, *Inc*., 2008 U.S. 98064, at *22 (M.D. Ga. 2008) .......... 5

*Baden-Winterwood v. Life Time Fitness*, 484 F.Supp.2d 822, 826 - 827 (S.D. Ohio 2007) .. 14, 15

*Colozzi v. St. Joseph's Hosp. Health Ctr.,* 595 F.Supp.2d 200, 205 n. 5 (N.D. N.Y. 2009)........... 4

*Colson* v. *Avnet*, *Inc*., 687 F.Supp.2d 914, 928-930 (D. Ariz. 2010) ............................................. 5

*Creely v. HCR ManorCare*, Inc., 789 F.Supp.2d 819 (N.D. Ohio 2011) ...................................... 8

*Dybach v. Florida Dep't of Corr.,* 942 F.2d 1562, 1567 (11th Cir. 1991) .................................... 4

*Fengler v. Crouse Health Found., Inc.,* 595 F.Supp.2d 189, 195 (N.D. N.Y 2009) ..................... 7

*Frye v. Baptist Memorial Hosp., Inc.*, Case No. 07-2708, 2008 WL 6653632 (W.D. Tenn. September 16, 2008) ................................................................................................. 4, 6, 7

*Graham–Humphreys,* 209 F.3d at 561-62 ................................................................................... 15

*Guess v. U.S. Bancorp*, Case No. 06-07535, 2008 WL 544475, at *3-4 (N.D. Cal. February 26, 2008).................................................................................................................. 5

*Harrison v. McDonalds Corp.,* 411 F.Supp.2d 862, 865 (S.D. Ohio 2005).................................. 6

*Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989)...................................................... 2, 3

*Horne v. United Serv. Auto. Ass'n.*, 279 F.Supp.2d 1231, 1235) ..................................................... 5

*Lemus Guerrero v. Brickman Group, LLC*, Case No. 05-00357, 2007 WL 922420, *2 (W.D. Mich. March 26, 2007) .................................................................................................. 9

*Lewis v. Huntington Nat. Bank,* 789 F.Supp.2d 863 (S.D. Ohio 2011) ...................................... 14

*Miller v. Jackson, Tennessee Hosp. Co.*, Case No. 10-1078, 2011 WL 1060737 (M.D. Tenn. March 21, 2011) ............................................................................................... 10, 11

*O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) ..................................... 4

*Parr v. Hico Concrete, Inc.*, No. 10-1091 (M.D. Tenn. November 10, 2011) ....................... 10, 11

*Partlow v. Jewish Orphans Home*, 645 F.2d 757 (9th Cir. 1981) ................................................ 13

*Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591 (S.D. Ohio 2002)....................................... 3

*Richards v. Computer Scis. Corp.*, Case No. 03-00630, 2004 WL 2211691, at *1 (D. Conn. September 28, 2004) ........................................................................................... 6

*Ritzer v. UBS Financial Services, Inc.*, Case No. 08- 01235, 2008 WL 4372784, at *4 (D. N.J. Sept. 22, 2008).................................................................................................... 12

*Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D. N.Y.2002) ..................... 3

*Saleen v. Waste Mgmt., Inc.,* Case No. 08-4959, 2009 WL 1664451, at *5 (D. Minn. June 15, 2009) ................................................................................................................................ 8

*Simpkins* v. *Pulte Home Corp.*, Case No. 608-130, 2008 WL 3927275, at *6 (M.D. Fla. August 21, 2008) ....................................................................................................................... 6

*Viciedo v. New Horizons Computer*, No. 2:01-CV-250, slip. op. (S.D. Ohio Dec. 4, 2001) .......... 3

*West v. Border Foods, Inc.,* Case No. 05-2525, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) ................................................................................................................................ 9

**Statutes**

29 U.S.C. 216(b) ............................................................................................................... 1, 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**JASON HENRY and
others similarly situated,**

        **Plaintiffs,**

                                  **No.: 1:11-cv-1376-BREEN**

**v.**

**DISH NETWORK, L.L.C.**

        **Defendant.**

---

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Defendant DISH Network, L.L.C. (hereinafter "Defendant" or "DISH"), by and through its undersigned counsel Buchanan Ingersoll & Rooney PC, hereby responds in opposition to Plaintiff's Motion in Support of Expedited Motion for Approval of 29 U.S.C. 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees ("Motion") (Doc. No. 31), and in support thereof, states the following.

### I.    INTRODUCTION

This is a single-plaintiff case in which Plaintiff Jason Henry ("Plaintiff") seeks conditional class certification pursuant to 29 U.S.C. 216(b), on "behalf of other employees of Defendant who worked at Defendant's Jackson, Tennessee location at 1085 Highway 45 Bypass, Suite 11, Jackson Tennessee, 38305… and who were denied straight time and overtime compensation because they were worked 'off the clock.'" Amended Complaint, ¶7 (Doc. No. 21). Plaintiff worked for Defendant as an installer from December 2008 through November

2011.  *Id*. at ¶8.  Plaintiff spent "his time installing satellite dishes at the homes of Defendant's customers."  *Id*.

For his part, Plaintiff contends that he "was regularly and repeatedly worked 'off the clock,' thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation for all hours worked over forty (40)."  *Id*. at ¶19.  Plaintiff alleges that "Defendant suffered and permitted Plaintiff to work pre-shift, post-shift, and during uncompensated automatically deducted meal breaks without proper compensation."  *Id*.  Plaintiff maintains that "other similarly situated employees were regularly and repeatedly worked 'off the clock' in excess of forty (40) hours per workweek."  *Id*. at ¶22.

Plaintiff repeats these allegations as part of the instant Motion and relies primarily on the allegations in his Amended Complaint.  There is no evidence that his claims and the claims of putative class members – are sufficiently similar to justify conditional class certification.  Defendants and this Court are left to guess whether class-wide claims can be litigated through common proof.  As discussed more fully below, this Court should deny Plaintiff's Motion and the case should proceed as a single-plaintiff action.

## II.     ARGUMENT

### A.     Legal Standard

Under the Fair Labor Standards Act ("FLSA"), employees can sue in their own behalf and for "similarly situated" persons.  Section 216(b) establishes two requirements for a representative action:  (1) the plaintiffs must actually be similarly situated, and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action.  29 U.S.C. § 216(b); *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989).

The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit.  *Hoffmann-La Roche*, 493 U.S. at 169.  First, a

2

court considers whether plaintiffs have shown that the employees to be notified are, in fact, similarly situated. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 594 (S.D. Ohio 2002). Plaintiff must show that "his position is similar, not identical, to the positions held by the putative class members." *Id*. at 595 (quoting *Viciedo v. New Horizons Computer*, No. 2:01-CV-250, slip. op. (S.D. Ohio Dec. 4, 2001) and *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 443 (N.D. Ill. 1982)). At the very least, authorization of notice must be based on a "modest factual showing" sufficient to demonstrate that potential plaintiffs together were victims of a common policy or plan that violated the law. *Pritchard*, 210 F.R.D. at 596; *see also Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D. N.Y.2002) (same).

Once the parties have an opportunity to conduct discovery and adduce evidence bearing on the similarly situated analysis, courts apply a much more stringent standard of review to plaintiffs' case for certification. Although the Sixth Circuit has not provided an exhaustive definition for the term "similarly situated," Courts in the Sixth Circuit and others have traditionally considered several relevant factors to determine whether putative class members are similarly situated, including: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (reciting the three factors).

**B.     Plaintiff Fails to Make a Modest Factual Showing Sufficient to Demonstrate that He and Potential Plaintiffs Together Were Victims of a Common Policy or Plan that Violated the Law.**

Plaintiff has four (4) fatal defects in his argument for conditional certification that prevent him from showing that he is similarly-situated with members of the purported opt-in class. Specifically, Plaintiff fails to make a modest factual showing that he and others together were victims of the same illegal policy or plan.

3

First, Plaintiff's Declaration ("Declaration") (Doc. No. 31-4) is the sole piece of evidence used to support his Motion. Plaintiff presents no credible evidence that putative class members were subjected to the same unlawful policies or practices causing each to work through unpaid meal-breaks, as well as pre- and post-shift periods. Apart from Plaintiff, no one has filed a consent to join this action. *See, e.g., Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991) (remanding for determination of whether there are other employees who desire to opt-in and whether those employees are similarly situated); *Frye v. Baptist Memorial Hosp., Inc.*, Case No. 07-2708, 2008 WL 6653632 (W.D. Tenn. September 16, 2008) (considering whether 18 plaintiffs represent sufficient interest to justify collective action treatment); *Colozzi v. St. Joseph's Hosp. Health Ctr.,* 595 F.Supp.2d 200, 205 n. 5 (N.D. N.Y. 2009) ("A plaintiff seeking certification of a collective action under section 216(b) must also establish that there are similarly situated employees who desire to opt-in and become plaintiffs in the case"); *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007) (stating that the court must satisfy itself that there are other persons similarly situated and who desire to opt in to the case); *Horne v. United Serv. Auto. Ass'n.*, 279 F.Supp.2d 1231, 1235) (same).

Plaintiff is the <u>only</u> person to file an affidavit or declaration. *Id*. Although 971pages were exchanged in discovery, and Defendant provided 15 Interrogatory Responses and 26 answers to Plaintiff's Requests for Production of Documents, not one supporting document was filed as part of Plaintiff's Motion. Thus, Plaintiff has failed to demonstrate the existence of facts sufficient to show that class members were together the victims of an illegal policy or plan. Plaintiff's Motion is baseless and should be denied. *See*, e.g., *Guess v. U.S. Bancorp*, Case No. 06-07535, 2008 WL 544475, at *3-4 (N.D. Cal. February 26, 2008) (denying conditional certification where evidence consisted of declarations from plaintiff and plaintiff's counsel);

*Colson* v. *Avnet*, *Inc*., 687 F.Supp.2d 914, 928-930 (D. Ariz. 2010) (a plaintiff's mere allegations of class-wide violations and conclusory affidavits in support of those allegations need not be accepted as true); *Arriaga-Zacarias* v. *Lewis Taylor Farms*, *Inc*., 2008 U.S. 98064, at *22 (M.D. Ga. 2008) (evidence must demonstrate a "reasonable [factual] basis for [a] claim of class-wide FLSA violations"); *Ali* v. *Sugarland Petroleum*, Case No. 2009 WL 5173508, at *16 (S.D. Tex. Dec. 22, 2009) (noting view of several courts that a single affidavit or two is insufficient); *Simpkins* v. *Pulte Home Corp*., Case No. 608-130, 2008 WL 3927275, at *6 (M.D. Fla. August 21, 2008) ("[U]nsupported allegations that FLSA violations are widespread and that additional plaintiffs exist are insufficient").

Second, Plaintiff fails to demonstrate that his claims and the claims of purported class members can be shown through common proof. Plaintiff's only "evidence" is his own hearsay statements. *See* Plaintiff's Declaration, ¶11 (stating that "I have spoken with my former co-workers regarding the problem of working 'off the clock,' and they have experienced the same problem of not being compensated for all hours worked"). Plaintiff's hearsay testimony is not good evidence and must be rejected. *See Harrison v. McDonalds Corp.,* 411 F.Supp.2d 862, 865 (S.D. Ohio 2005) (collecting cases) (holding that only admissible evidence may be considered in connection with a § 216(b) motion); *see also Frye*, 2008 WL 6653632, *1 (citing *Harrison*, and stating that "[a]lthough Plaintiff contends that the court may consider inadmissible evidence at the conditional certification stage, 'only admissible evidence may be considered in connection with a § 216(b) motion'"); *Richards v. Computer Scis. Corp.*, Case No. 03-00630, 2004 WL 2211691, at *1 (D. Conn. September 28, 2004) (same).

Even if considered, Plaintiff's hearsay statement does little to show that putative class members suffered from the *same* illegal policy and practice, or that unpaid work was driven by

similar facts and circumstances:  Plaintiff merely states that putative plaintiffs "experienced the same problem of not being compensated for all hours worked."  *See* Plaintiff's Declaration, ¶11. The fact that putative plaintiffs were not compensated for "all works worked" says nothing as to *why* they were not compensated, and *whether* their individual claims can be adjudicated on a representative basis.

This failure is critically important because, "standing alone, an employer policy providing automatic deductions for meal breaks does not violate the FLSA."  *Frye*, 2008 WL 6653632, *9-10 (citing *Fengler v. Crouse Health Found., Inc.,* 595 F.Supp.2d 189, 195 (N.D. N.Y 2009) and Wage and Hour Div., U.S. Dep't of Labor Fact Sheet No. 53, The Health Care Industry and Hours Worked (July 2009), *available at* http://www.dol.gov/whd/regs/compliance/whdfs53.pdf (recognizing that the FLSA permits automatic deduction policies)).  According to *Frye*, "[i]t is the failure of an employer to compensate employees who work through those unpaid meal breaks, and to police and oversee hourly workers and their supervisors to ensure that when working through or during unpaid meal breaks they are compensated, that *potentially* runs afoul of the Act."  *Id*. (quoting *Fengler*, 595 F.Supp.2d at 195) (emphasis added).

Plaintiff claims in his Amended Complaint that "[e]ven though Defendant knows that Plaintiff and class members are working during 'meal breaks,' Defendant fails to compensate Plaintiff and class members for their work, electing instead to sit back and accept the benefits of Plaintiff and class members' uncompensated work."  *See* Amended Complaint, ¶31.  Plaintiff never provides sufficient facts to *establish* that Defendant maintained a policy to violate its policy.  Compare *Saleen v. Waste Mgmt., Inc.,* Case No. 08-4959, 2009 WL 1664451, at *5 (D. Minn. June 15, 2009) (stating that "Plaintiffs' *offer of proof* in support of their motion appears to advance the theory that [the employer's] *enforcement* of the automatic-deduction policy created a

6

policy-to-violate-the-policy") (emphasis added); *Creely v. HCR ManorCare*, Inc., 789 F.Supp.2d 819 (N.D. Ohio 2011) (stating that "Plaintiffs' argument appears to be that while the basic tenet of HCR's meal-break policy, the thirty-minute auto-deduction, is not improper *per se,* HCR's method of *implementing* the policy is the essence of Plaintiffs' Complaint. Therefore, this Court's review will focus on whether Plaintiffs' top-down discovery approach *has produced sufficient facts to advance their claims* that HCR failed to properly implement the auto-deduct policy such that this Court should grant conditional certification of the proposed collective action") (emphasis added). In contrast to both *Saleen* and *Creely*, the instant Motion lacks sufficient evidence to establish that Defendant's purported failure to pay working lunches is the *same* for each putative class member. Plaintiff's argument is tantamount to asking us to "take him at his word." It would be unprecedented to grant conditional certification upon evidence this thin.

Third, Plaintiff's class wide allegations are not based on first-hand knowledge. Plaintiff's only statement purporting to establish first-hand knowledge provides: "I also witnessed my co-workers performing the same 'off the clock' work as me while employed by Defendant." *See* Plaintiff's Declaration, ¶11. Plaintiff's statement, like his hearsay statement quoted above, lacks sufficient detail for Defendant, or this Court, to determine whether there is *actual evidence* to show that a representative action for pre-shift, post-shift, and automatic meal-break deductions, is plausible. Plaintiff fails to tell us *when* he observed others performing uncompensated work, *who* was performing it, *how* he knew that the work performed was uncompensated (especially for meal-break claims that would have occurred at times and in places on the road when Plaintiff would not have been present), and *whether* Defendant's reasons for allegedly failing to pay for

7

certain work was the result of similar facts and circumstances for all putative plaintiffs. Plaintiff's declaration is <u>not</u> good evidence. *See Harrison, Frye* and *Richard, supra*.

Plaintiff's vague, non-specific allegations in the Amended Complaint do not suffice as good evidence. *See, e.g., Lemus Guerrero v. Brickman Group, LLC*, Case No. 05-00357, 2007 WL 922420, *2 (W.D. Mich. March 26, 2007) (stating that Plaintiffs must submit evidence establishing at least a colorable basis for their claim); *West v. Border Foods, Inc.,* Case No. 05-2525, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) (holding that "plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations"); *Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007) (same). Examples include the following:

> 22. Likewise, other similarly situated employees were regularly and repeatedly worked "off the clock" in excess of forty (40) hours per workweek.
> 
> …….
> 
> 25. Plaintiff and class members often perform compensable work for Defendant during their uncompensated "meal breaks."
> 26. Defendant does not ensure that Plaintiff and the class members are completely relieved of their work duties during their uncompensated "meal breaks."
> 27. Plaintiff and class members are routinely not completely relieved of their job duties during their uncompensated "meal breaks."

*See* Amended Complaint, ¶¶22, 25-27. Even if these statements could be considered as evidence, they fail to show how often Plaintiff (and others) allegedly worked through a meal break, e.g., once/twice a week/month/year; and *why* they worked through a meal break, e.g. they started early/as per specific supervisor/because they were busy/to leave work early/ a personal preference, etc.; or *why* Defendant failed to compensate them for all time worked, e.g. because it maintained and communicated a policy of refusing, without exception, to edit meal-break periods/because it maintained and communicated a policy of refusing, *without exception*, to

8

compensate employees for pre- and post-shift activities that took greater than seven (7) minutes, etc.

Fourth, Plaintiff cites cases that are not dispositive. The fact that Tennessee District Courts have certified other automatic meal-break deduction cases has no bearing in a case where Plaintiff offers little to no evidence that the purported class is similarly situated. For example, in *Parr v. Hico Concrete, Inc.*, No. 10-1091 (M.D. Tenn. November 10, 2011), a case cited extensively by Plaintiff, even Plaintiff acknowledges that, "[i]n support of his motion for certification, plaintiff filed his declaration and the declarations of *two other former co-workers*. These declarations *confirmed* that employees regularly worked over forty (40) hours per week, were required to perform remedial work on their own time, and that employees had their meal break automatically deducted even when they were unable to take a meal break." Plaintiff's Brief at p. 10 (emphasis added). Plaintiff's lone Declaration provides no such confirmation.

In another case cited extensively by Plaintiff, *Miller v. Jackson, Tennessee Hosp. Co.*, Case No. 10-1078, 2011 WL 1060737 (M.D. Tenn. March 21, 2011), Plaintiff acknowledges that "[i]n addition to Miller's declaration, she also filed the declarations of *two other co-workers* in support of certification. Collectively, the *sworn testimony* of the plaintiffs *showed* that they routinely worked in excess of forty (40) hour per week, Defendant automatically deducted a thirty minute meal period, employees regularly and routinely did not receive a full thirty (30) minute uninterrupted meal break, and employees were not properly compensated because of this 'off the clock' work." *Id.* (emphasis added)

Notably, in *Miller*, Plaintiff also points out that

> [a]fter reviewing the *evidence*, Judge Trauger found that 'the plaintiff has offered such a common, specific theory here…[because] all potential plaintiffs worked under a system in which they had 30 minutes deducted from their shift for lunch, but,

9

> in most cases, they were not allowed to take a lunch break….Thus, conditional certification was granted in *Miller* based on a finding that 'the proposed class [was] *unified in making the same fundamental argument* as to why they were not compensated for time worked—the defendant did not honor the notion of 'meal breaks'' and thus, 'plaintiff…met the 'low bar' of conditional certification.

*Id.* at p. 11 (internal citations omitted) (emphasis added).  Here, unlike the plaintiffs in *Miller*, Plaintiff has not:  (1) come forward with sufficient evidence to establish a common, specific theory of liability; (2) shown that Defendant knew or should have known that putative plaintiffs were working and failed and/or refused to compensate them; or (3) proffered reliable evidence from any potential class member, other than Plaintiff himself, that all class members are unified in making the same fundamental argument as to why they were not compensated for time worked.  Plaintiff's Motion lacks any actual evidence.  By his own implicit admission, *Parr* and *Miller* are distinguishable.  Plaintiff's reference to other FLSA cases fail for similar reasons.

Plaintiff's Motion should therefore be denied.

**C.    To the Extent the Court Authorizes Notice, the Parties Should Negotiate the Terms and Conditions for the Notice.**

Defendant objects to the Notice and Consent form (*see* Doc. Nos. 31-2 and 31-3, respectively) that Plaintiff proposes to send to putative plaintiffs in this action.  Here, to the extent the Court grants notice, the parties should be afforded the opportunity to meet and confer on the specifics of the notice.  To the extent they cannot agree, the parties should submit their respective proposed notices, which will limit the Court's analysis to the issues in conflict only.  This Court followed a similar procedure in *Carter vs. Jackson-Madison County Hospital District,* Case No. 10-01155 (W.D. Tenn. December 13, 2011) (Doc. No. 101); *See also Hoffmann-LaRoche Inc.*, 493 U.S. at 169 (the Supreme Court held that district courts have broad discretion to determine whether a court approved opt-in notice is appropriate).

10

As it stands, Plaintiff's proposed notice fails to address many issues that must be resolved – issues that Defendant believes can be addressed between the parties, if notice is approved. For example, if Defendant is required to produce contact information for putative members, will plaintiffs' counsel take reasonable steps to maintain the confidentiality of the putative plaintiffs' contact information and not share it with any third party except as required by the notification process? Defendants propose the following, such that Plaintiff's counsel will:

1. Use the contact information for the limited purpose of Court-facilitated notice to the putative plaintiffs until the notice period ends, and for no other purposes;

2. Send to the putative plaintiffs, one time, by first class mail, return receipt not required, only the Court-approved notice, and no other type of notice or consent forms. *See Ritzer v. UBS Financial Services, Inc.*, Case No. 08- 01235, 2008 WL 4372784, at *4 (D. N.J. Sept. 22, 2008) ("first class mail is sufficient to place putative class members on notice of collective action");

3. Not, during the notice period, send reminders or follow-up notices to or initiate contact with the putative plaintiffs in any way other than the one-time mailing of the Court-approved notification package;

4. Not hold any press conferences, issue press releases, or otherwise attempt to indirectly contact the putative plaintiffs, which would include removing any webpage references to this case until the notice period expires; and

5. Return to Defendant and no longer use for any purpose all contact information of persons that have not opted into the lawsuit. Such information may later be subject to production in discovery upon a proper showing of relevance.

Defendant will also ask that Plaintiff cease all non-court-approved communications with the putative plaintiffs until after the opt-in period has concluded. *See generally Partlow v. Jewish Orphans Home*, 645 F.2d 757 (9th Cir. 1981) (striking consents arising from improper communication).

In addition to the foregoing, the parties should be required to meet and confer regarding the length of the notice period, and scope of notice-recipients. The current draft of Plaintiff's notice is overbroad. For example, while Plaintiff purports to bring his claim on behalf of persons

11

similarly situated, e.g., other technicians, (*see* Amended Complaint, ¶¶7-35), the proposed notice broadens that class to cover "all non-exempt employees at Defendant's Jackson, Tennessee locations(s) within the past six years." Plaintiff's Brief at p. 1. Thus, all non-exempt employees are at issue per the proposed notice.

Moreover, Plaintiff requests notice going back approximately six (6) years. Plaintiff, however, has already conceded the point that a six (6) year notice period is not maintainable here:

> Finally, Defendant takes issue with the fact that Plaintiff seeks to include a class of plaintiffs that have been denied proper compensation for at least six (6) years prior to the filing of his complaint. Plaintiff maintains that the statute of limitations for Plaintiff's state law claims is six years…However, Plaintiff concedes that this Court has disagreed with this position, and Plaintiff anticipates pursuing conditional certification for only a three year period. However, Plaintiff has pled a six year period in the Complaint to preserve that issue in the event the law further develops as the case progresses.

*See* Plaintiff's Response to Defendant's Motion to Dismiss (Doc. No. 21), at p. 11 (internal citations omitted); *see also Carter,* Case No. 10-01155, Doc. No. 101 at p. 2 (stating that "the gravamen of the Plaintiff's complaint is an action to recover wages and therefore the three-year statute of limitations for wage actions should apply"). This Court, in *Carter*, denied a similar request to use the six (6) year statute of limitations resulting from plaintiff's claim for unjust enrichment, where (as here) the underlying claim arose from alleged FLSA wage violations. *See Carter, supra.*, (holding that Tennessee courts utilize a gravamen of the complaint test to decide the statute of limitations for a particular cause of action).

Finally, any notice should be clear, unambiguous and fair to all parties. *See, e.g., Lewis v. Huntington Nat. Bank,* 789 F.Supp.2d 863 (S.D. Ohio 2011) (an effective notice must accurately state the law). Plaintiff's proposed notice is neither accurate nor informative. For

12

example, the proposed notice refers to "off the clock" work throughout, yet only once refers to (1) pre-shift, (2) meal breaks and (3) post-shift claims. These vague, and overly broad terms do not clearly indicate the factual predicates at issue in this case.

In sum, the proposed notice should not be approved, even if the Court conditionally certifies this action and facilitates notice. To the extent the Court authorizes notice, the Court should order the parties to meet and confer on the specifics and cross-file their proposed notices if an agreement cannot be reached.

### III. THERE IS NO BASIS TO GRANT PLAINTIFF'S REQUEST FOR EQUITABLE TOLLING

Plaintiff argues that this Court should invoke the doctrine of equitable tolling, and hold that "the statute of limitations be tolled as of the date this action was filed so that prospective class members will not have their statute of limitations run while the Consent Forms are being sent to them in the mail." Plaintiff's Brief at p. 20. "It is the plaintiff's burden to demonstrate why he or she is entitled to equitable tolling of the statute of limitations." *Baden-Winterwood v. Life Time Fitness*, 484 F.Supp.2d 822, 826 - 827 (S.D. Ohio 2007) (citing *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004)). Plaintiff makes no such showing.

The court in *Baden-Winterwood* held that "federal courts should only invoke equitable tolling sparingly" and "only when the circumstances of the case warrant equitable action." *Id*. "Equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Baden-Winterwood*, 484 F. Supp. 2d at 826 (quoting *Graham–Humphreys,* 209 F.3d at 561-62). The Sixth Circuit has set forth the following five factors to guide a court's inquiry to determine whether equitable tolling should apply: (1) plaintiff's lack of notice of the filing requirement; (2) plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's legal rights; (4)

13

absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.  *Allen,* 366 F.3d at 401.

Plaintiff has not analyzed his tolling request in the context of these factors.  Plaintiff merely justifies his request by stating that the statute of limitations will otherwise "run while the Consent Forms are being sent…in the mail."  Plaintiff's Brief at p. 20.  Plaintiff's stated reason is without support in the law.  There is no justification for equitable tolling here.

### IV.     CONCLUSION

Plaintiff's Motion lacks sufficient evidence to conditional certify the proposed class.  For the reasons set forth above, this Court should deny Plaintiff's Motion and the case should proceed as a single-plaintiff action.

Dated:  June 29, 2012                              Respectfully submitted,

*/s/ Christian Antkowiak*
George Basara
PA Id. No.41811
george.basara@bipc.com
Lisa M. Passarello
PA Id. No. 64823
lisa.passarello@bipc.com
Christian C. Antkowiak
PA Id. No. 209231
christian.antkowiak@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
20th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA  15219-1410
Phone:  412-562-8800
Fax:  412-562-1041

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system or by U.S. first class mail, postage pre-paid to:

Michael L. Russell, Esq.
GILBERT RUSSELL MCWHERTER PLC
1616 Westgate Circle, Suite 228
Brentwood, TN  37027

Clinton H. Scott, Esq.
GILBERT RUSSELL MCWHERTER PLC
101 North Highland
Jackson, TN  38301

Attorneys for Plaintiffs

Date:  June 29, 2012                                         /s/ Christian Antkowiak
                                                                            Christian Antkowiak