IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**JASON HENRY and**
**others similarly situated,**

      **Plaintiffs,**

v.                                      No.: 1:11-cv-1376

**DISH NETWORK, L.L.C.**           **JURY DEMANDED**
                                                                **FLSA COLLECTIVE ACTION**
      **Defendant.**

---

## REPORT AND RECOMMENDATION

---

      Before the Court is Plaintiffs' Expedited Motion [D.E. 31] for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees. This matter has been referred to the Magistrate Judge for the purpose of determination and/or Report and Recommendation [D.E. 32]. Defendant has responded.[1] The Magistrate Judge respectfully submits the following report and recommendation.

### Background

      Plaintiff worked for Defendant as an installer from December 2008 through November 2011. Amended Complaint, ¶8. Plaintiff spent "his time installing satellite dishes at the homes of Defendant's customers." *Id*. Plaintiff complains that he "was regularly and repeatedly worked 'off the clock,' thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation for all hours worked over forty (40)." *Id*. at ¶19. He contends that "Defendant suffered and permitted Plaintiff to work pre-shift, post-shift, and during uncompensated automatically deducted meal

---

[1] On June 29, 2012 the Court entered a Report and Recommendation which was withdrawn on July 2, 2012, after an error as to Defendant's response time was discovered.

breaks without proper compensation." *Id*. Plaintiff further alleges that "other similarly situated employees were regularly and repeatedly worked 'off the clock' in excess of forty (40) hours per workweek." *Id*. at ¶22.

Plaintiff requests that the Court authorize this case to proceed as a collective action for overtime violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b)[2] and Tennessee law, on behalf of all non-exempt employees of Defendant at its Jackson, Tennessee location(s) within the past three[3] years who have been worked "off the clock" without proper compensation by Defendant. Plaintiff, in his Reply, requests that the parties meet and confer in god faith on the specifics of the Notice. While Plaintiff originally requested that the Court issue an Order tolling the statute of limitations for the putative class as of the date this action was filed, Plaintiff now proposes that the Court reserve the issue "until a time when the facts of a specific opt in make it necessary to bring this issue before the Court." [D.E. 36, p. 9].

Analysis

Under the Fair Labor Standards Act ("FLSA"), employees can sue in their own behalf and for "similarly situated" persons. Section 216(b) establishes two requirements for a representative action: (1) the plaintiffs must actually be similarly situated, and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action. 29 U.S.C. § 216(b); *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989). The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit. *Hoffmann-La Roche*, 493 U.S. at 169.

---

2 Section 216(b) of the statute provides in pertinent part: An action to recover the liability prescribed in [the FLSA's overtime provision] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.
3 Originally, Plaintiff requested a six year period but revised his request in his Reply.

As Plaintiff notes, the standard that plaintiffs must meet to obtain court certification of a FLSA collective action is lower than that for Fed. R. Civ. P. 23 class actions. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d at 584. Lead plaintiffs in a FLSA collective action need only show that they are "similarly situated" to employees in the class they seek to certify. *Id.*; § 216(b). Courts typically engage a two-phase inquiry to determine whether the lead plaintiffs have satisfied that showing, with the first taking place at the beginning of discovery. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Plaintiff's burden is "fairly lenient" in this first phase, the conditional certification, and the lead plaintiff must make only a "modest factual showing" that he is similarly situated to members of the prospective class he seeks to certify and send court-supervised notice. *Id.* at 546-47.

Because of this lenient standard, conditional certification of collective actions is typically granted. *Id.* Likewise, companion state law claims are permitted. *See O'Brien v. Ed Donnelly Enterprises, Inc.* 575 F.3d 567, 580 (6th Cir. 2009) ("an opt-in employee with FLSA and supplemental claims can have both of those claims certified as part of a collective action where a lead plaintiff has FLSA and supplemental claims").

The Magistrate Judge believes that there is a reasonable basis for Plaintiff's claims and that Plaintiff has submitted detailed allegations that he is similarly situated to members of the prospective class, sufficient to satisfy the modest factual showing that is required, in the Amended Complaint, the present Motion and his Declaration. Defendant cable satellite television provider employed Plaintiff and others to install and repair its products. Plaintiff describes that he and his co-workers have been regularly worked over 40 hours per week, "off the clock" and without proper compensation. There are three forms of this uncompensated work. The first two forms are pre-shift and post-shift work, primarily involving Defendant's requirement that employees load,

inspect, and unload their vans in seven minutes, which Plaintiff states is an impossibility, necessitating that employees work "off the clock" to comply with company policy. The third form of uncompensated work is missed/interrupted meal breaks where Defendant automatically deducts a meal period. Plaintiff states that not only did he complain to a supervisor, but also he spoke to former coworkers, who he says also experienced these issues, and he witnessed coworkers performing the same "off the clock" work as he did. The Magistrate Judge recommends that the Court find these allegations, together with Plaintiff's Declaration, sufficient for conditional certification.

Defendant complains that Plaintiff's Declaration is the sole piece of evidence in support of his Motion, and that Plaintiff is the only person to file an affidavit or declaration. Second, Defendant maintains that Plaintiff fails to demonstrate that his claims and the claims of purported class members can be shown through common proof. Defendant argues that Plaintiff's only "evidence" is his own hearsay statements.

However, while Plaintiff's allegations, combined with his Declaration, are far from what one would call extensive evidentiary support, they do meet the modest factual showing standard which applies at this stage of the proceedings. Much of Defendant's argument on this issue is appropriately brought in a motion to decertify later in these proceedings. Second, with regard to the arguments of common proof and hearsay, Plaintiff does attest to what he experienced and observed personally, and the Magistrate Judge finds that there are sufficient non-hearsay allegations and statements to meet the *O'Brien* standard. To the extent that the Declaration contains hearsay, as Plaintiff notes, district courts in this Circuit have found that affidavits submitted in support of conditional certification do not need to meet the same standard set forth in

4

Rule 56(e), as they serve a far different purpose and typically come at an earlier time than motions for summary judgment.

Finally, Plaintiff, in his Reply, agrees to meet and confer in good faith regarding the specifics of the notice and to pursue conditional certification for a three year period. Plaintiff further proposes reserving the issue of equitable tolling "until a time when the facts of a specific opt in make it necessary to bring this issue before the Court. The Magistrate Judge finds these proposals to be prudent.

Accordingly, the Magistrate Judge respectfully recommends that Plaintiff's Motion for Conditional Certification of Collective Action be granted. The Magistrate Judge further recommends that the parties meet and confer in good faith regarding the specifics of the notice and to pursue conditional certification for a three year period. This meeting shall occur as soon as practicable, no later than thirty days from the District Court's Order. Finally, the Magistrate Judge recommends that Plaintiff's request for equitable tolling be denied without prejudice to re-filing when the issue arises with respect to specific potential class members.

Respectfully Submitted,

s/Edward G. Bryant
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **July 26, 2012**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**